UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| **EUNICE THOMAS** ) | |
| ) | **Case Number** |
| ) | |
| **Plaintiff** ) | |
| ) | |
| **vs.** ) | **CIVIL COMPLAINT** |
| ) | |
| **FINANCIAL CONTROL SERVICES** ) | |
| ) | **JURY TRIAL DEMANDED** |
| **Defendant** ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Eunice Thomas, by and through her undersigned counsel, Serena D. Harmon, Esquire, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Eunice Thomas, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Plaintiff resides in the District and the Defendant conducts business in this District.

## III.  PARTIES

4. Plaintiff, Eunice Thomas, is an adult natural person residing at 308 Ehlinger Drive, Apartment D, Bryan, Texas 77801.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Financial Control Services ("Defendant"), at all times relevant hereto, is a corporation engaged in the business of collecting debt within the state of Texas with a primary address at 6801 Sanger Street, Suite 195, Waco, Texas 76710.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  FACTUAL ALLEGATIONS

7. On or about June 30, 2010, Plaintiff started to receive calls from Defendant's agent, "Mike", collecting on a debt allegedly owed to Advanced Loan.

8. Defendant's agent, "Mike", informed the Plaintiff that they were collecting a balance of $700.00.

9. Plaintiff stated that the original loan was for approximately $104.00 and is unclear as to why the Defendant was collecting such an exorbitant amount.

10. During the first call, the Plaintiff informed Defendant's agent, "Mike", that she had retained the services of the law firm Persels & Associates, LLC to help aid her in her debt negotiations and that he should call him directly on this matter.

11. Defendant's agent, "Mike", stated that he would not work with Persels and that they were only using the Plaintiff.

12. Defendant's agent, "Mike", told the Plaintiff that Persels "could not help her ass".

13. On or about July 25, 2010, Defendant called to Plaintiff's place of employment and spoke with her supervisor telling him that the Plaintiff does not pay her debt.

14. On that same call, Defendant's agent, "Mike", erroneously informed the Plaintiff's supervisor that if the Plaintiff did not make a payment immediately that he would be filing the paperwork necessary so that he could have the Plaintiff arrested.

15. On that same day, Plaintiff called the Defendant back and told them not to call her place of employment again.

16. Defendant's agent, "Mike", reminded the Plaintiff that he would have her arrested and that he would make sure they take her drivers' license.

17. On or about July 26, 2010, Plaintiff received another call from Defendant's agent, "Mike", demanding payment on the aforementioned account.

18. During this call, Plaintiff said that she would have to speak to the agent another time because her sister had just passed away.

19. Defendant's agent, "Mike", replied that he did not have time for that shit and that he needed to know when she was going to make a payment.

20. Defendant's agent, "Mike", again made the countless threat of sending the Plaintiff to jail.

21. Plaintiff ended the call.

22. On or about July 30, 2010, Persels & Associates sent a "cease and desist" letter to the Defendant demanding that they stop all further direct contact with the Plaintiff. **See Exhibit "A" (letter) attached hereto**.

23. Defendant continued to call and demand payment on this debt.

24. On or about August 2, 2010, Plaintiff received yet another call from Defendant's agent, "Mike", demanding to know her bank account number so that they could get this taken care of.

25. Plaintiff reminded the agent that her sister had passed away and that she was scheduled to be buried the next day and she could not discuss this matter at this time.

26. Defendant's agent, "Mike", replied that if the Plaintiff did not call him back within twenty-four (24) hours that she would not make it to her sister's funeral.

27. Plaintiff was again threatened with jail time by Defendant's agent, "Mike".

28. Plaintiff was told by Defendant's agent, "Mike", that the paperwork would be faxed out and she would be picked up on August 3, 2010 at 5:00 pm.

29. Plaintiff continued to receive calls throughout the month of August, 2010 and into September, 2010 at her home and to her place of employment.

30. On or about September 21, 2010, Plaintiff received a call to her place of employment from an agent of the Defendant.

31. Plaintiff demanded that they stop calling her at work and to please call Persels and speak with her attorneys.

32. Defendant's agent stated that he could call any fucking time he wanted and that he didn't care who she fucking hired.

33. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

34. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

35. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

36. As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## **COUNT I – FDCPA**

37. The above paragraphs are hereby incorporated herein by reference.

38. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

39. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

§§ 1692b(2):   Contact of Third Party: Stated that the consumer owes any debt

| | |
|---|---|
| §§ 1692b(6): | Contact of Third Party: After knowing the consumer is represented by an attorney |
| §§ 1692c(a)(2): | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692c(a)(3): | At place of employment when it knows that the employer prohibits such communication |
| §§ 1692c(c): | After written notification that consumer refuses to pay debt or that consumer wants collector to cease communication |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(2): | Profane language or other abusive language |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(4): | Nonpayment of the debt will result in arrest and imprisonment of any person |
| §§ 1692e(5): | Threaten to take any action that cannot be legally taken or that is not intended to be taken |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Financial Control Services for the following:

a.  Actual damages;

b.  Statutory damages pursuant to 15 U.S.C. § 1692k;

c.  Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.  Such additional and further relief as may be appropriate or that the interests of justice require.

## V.  JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

Date:  September 21, 2010

BY:  */s/ Serena D. Harmon*
Serena D. Harmon, Esquire

Serena D. Harmon
11119 McCracken Circle
Suite C
Cypress, Texas 77429
Attorney for Plaintiff